AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
District of South Dakota

| United States of America | ) |
|---|---|
| v. | ) |
| Richard Homer | ) Case No. 18-50143 |
| | ) Colorado Case No. 19-mj-00276-NYW |
| | ) |
| | ) EX PARTE |
| Defendant | ) |

RECEIVED
2019 OCT 31 AM 9:16
U.S. MARSHALS
RAPID CITY, SD

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)* Richard Homer,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☐ Complaint
☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☑ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

Violation of Conditions of Release

Date: 10-31-19

*Issuing officer's signature*

City and state: Rapid City, SD

Daneta Wollmann, U.S. Magistrate Judge
*Printed name and title*

### Return

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____
at *(city and state)* _____

Date: _____

*Arresting officer's signature*

*Printed name and title*

CC: RC USMS
AUSA
SL

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

UNITED STATES OF AMERICA,     CR 18-50143-02

         Plaintiff,

vs.     **EX PARTE**
MOTION FOR ISSUANCE OF
EX PARTE WARRANT

RICHARD HOMER,

         Defendant.

    Comes now the United States of America, by and through its undersigned Assistant United States Attorney, and respectfully prays this Honorable Court issue an ex parte warrant for the defendant's arrest and as grounds therefore states as follows:

    The defendant was released on July 11, 2019, by U.S. Magistrate Judge Daneta Wollman with conditions of release. The defendant has violated the following conditions of release:

(7)(a)   The defendant must submit to supervision by and report for supervision to the U.S. Probation Office 1929 Stout Street Denver, CO;

(7)(b)   The defendant must continue or actively seek employment;

(7)(m)   The defendant must, except as authorized by court order, the defendant shall not use or unlawfully possess a narcotic drug or other controlled substances define din 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. Except as authorized by court order, the defendant shall not possess, use or sell marijuana or any marijuana derivative (including THC) in any form (including edibles) or for any purpose (including medical purposes). Without the prior permission of the probation officer, the defendant shall not enter any marijuana dispensary or grow facility.

(7)(n)  The defendant must submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.  The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing;

(7)(r)  The defendant must report as soon as possible, to the pretrial services office or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

The violations are reflected in the attached report of apparent violation of pretrial release conditions.  Doc 50.

WHEREFORE, the United States prays this Honorable Court issue its ex parte warrant for defendant's arrest.

Respectfully submitted this 30th day of October, 2019.

    RONALD A. PARSONS, JR.
    United States Attorney
    By:

    */s/ Eric Kelderman*
    _____
    ERIC KELDERMAN
    Assistant United States Attorney
    515 9th Street, Suite 201
    Rapid City, SD 57701
    Telephone: (605)342-7822
    E-Mail: Eric.Kelderman@usdoj.gov

Case 1:19-mj-00276-NYW   Document 1   Filed 12/09/19   USDC Colorado   Page 4 of 5
Case 5:18-cr-50143-JLV   Document 54-2 (Ex Parte)   Filed 10/30/19   Page 1 of 2 PageID #: 179
Case 5:18-cr-50143-JLV   Document 50   Filed 09/27/19   Page 1 of 2 PageID #: 164

## REPORT OF APPARENT VIOLATION OF PRETRIAL RELEASE CONDITIONS

| | |
|---|---|
| **Defendant**: | Richard Homer |
| **Address**: | ▉▉▉▉▉▉▉▉<br>Fort Morgan, CO 80701 |
| **CR #:** | 5:18CR50143-002 |
| **Date Bond Set:** | 07/11/2019 |
| **Judicial Officer:** | Daneta Wollmann, U.S. Magistrate Judge |
| **Type of Bond:** | Personal Recognizance |

**Conditions of release (list only those relative to apparent violation):**

(7)(a) The defendant must submit to supervision by and report for supervision to the U.S. Probation Office 1929 Stout Street Denver, CO.

(7)(b) The defendant must continue or actively seek employment

(7)(m) The defendant must, except as authorized by court order, the defendant shall not use or unlawfully possess a narcotic drug or other controlled substances define din 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. Except as authorized by court order, the defendant shall not possess, use or sell marijuana or any marijuana derivative (including THC) in any form (including edibles) or for any purpose (including medical purposes). Without the prior permission of the probation officer, the defendant shall not enter any marijuana dispensary or grow facility.

(7)(n) The defendant must submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.

(7)(r) The defendant must report as soon as possible, to the pretrial services office or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

**Description of apparent violation(s):**

The defendant was brought into federal custody in the District of Colorado and initially released. After his Initial Appearance in Rapid City, SD, he was granted permission to return to Colorado. On 06/24/2019 he was placed on the District of Colorado's drug testing program and instructed of the program rules. He was to call in each today, and if he was told to provide a urinalysis (UA),

Case 1:19-mj-00276-NYW Document 1 Filed 12/09/19 USDC Colorado Page 5 of 5
Case 5:18-cr-50143-JLV Document 54-2 (Ex Parte) Filed 10/30/19 Page 2 of 2 PageID #: 180
Case 5:18-cr-50143-JLV Document 50 Filed 09/27/19 Page 2 of 2 PageID #: 165

he was to report for testing. Between 06/24/2019 and 09/13/2019, the defendant failed to call into the testing program 58 times. Additionally, on 07/12/2019 he tested positive for methamphetamine, which was confirmed by the national laboratory.

On 08/08/2019 the defendant was arrested by Fort Morgan Police Department on a probation violation (stemming from a previous state case). On 08/25/2019 the defendant posted bond and was released from custody; however, he failed to notify pretrial services of his contact and arrest by law enforcement.

On 09/12/2019 the defendant was instructed to report to pretrial services office; however, he failed to appear. Furthermore, he remained unemployed throughout his period of pretrial release.

**Summary of defendant's response to supervision (prior to apparent violation):**

The defendant has been noncompliant throughout his period of supervised release. His living situation has been challenging for pretrial services. The last contact made with the defendant at his home revealed he is residing in a camper in a junkyard in Fort Morgan.

**Summary of PO's efforts to locate if defendant appears to have fled:**

Pretrial services had to investigate the defendant's whereabouts following his state arrest.

**PO's recommendation (e.g., continue supervision, detention, modification, etc.):**

The defendant's noncompliance is unacceptable. He disregarded his responsibility to call for UAs each day, and eventually stopped calling completely. The defendant has been challenging to supervise, and he has yet to fix his behavior and be compliant. Based on this information, it is recommended a warrant be issued and he be brought back before the Court. It appears he is no longer willing to comply with conditions of release.

I declare under penalty of perjury that the foregoing is true and correct.

_____ 09/27/2019
Aaron L. Peacock        Date
U.S. Probation/Pretrial Services Officer
U.S. Probation & Pretrial Services Office
Andrew W Bogue U.S. Courthouse
515 Ninth Street, Ste 203
Rapid City, SD 57701
(605)399-5959
katie_merdanian@sdp.uscourts.gov